COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT

Hampshire, ss

Docket No. 06 254

NEBG, LLC;
NOLAN ANAYA D/BA CAPTAIN
VIDEO; and
TODD ZAGANIACZ D/B/A VIDEO
ZONE,
*Plaintiffs*,

v.

THE WEINSTEIN COMPANY
HOLDINGS, LLC;
GENIUS PRODUCTS, INC.; and
GENIUS PRODUCTS, LLC,
*Defendants*.

**VERIFIED COMPLAINT**

## I. INTRODUCTION

The Defendants are parties to several agreements regarding the distribution of DVDs.

One aspect of one of those agreements involves embedding a notice within certain DVDs

urging consumers to call a toll-free number if they rented the DVD from anyone other than

Blockbuster, Inc. Under the first-sale doctrine, the Plaintiffs have the right to buy the DVDs

and to rent those DVDs to the public. But the notice implies, falsely, that by renting the

DVDs to the public the Plaintiffs would be acting unlawfully. The Plaintiffs are asking the

Court to enjoin the Defendants from distributing DVDs that contain the misleading notice.

## II. PARTIES

1.      NEBG, LLC, is a limited liability company organized under the laws of the

Commonwealth of Massachusetts with a principal office at 61 South Main Street, South

Deerfield, Massachusetts.

1

2.   Nolan Anaya is an individual doing business as Captain Video with a principal place of business at 19 Montague Road, Amherst, Massachusetts.

3.   Todd Zaganaicz is an individual doing business as Video Zone with a principal place of business at 61 South Main Street, South Deerfield, Massachusetts.

4.   The Weinstein Company Holdings, LLC, is a limited liability company organized under the laws of the State of Delaware with a principal office at 375 Greenwich Street, 3rd Floor, New York, New York.

5.   Genius Products, Inc., is a corporation organized under the laws of the State of Delaware with a principal place of business at 2230 Broadway, Santa Monica, California.

6.   Genius Products, LLC, is a Delaware limited liability company with a principal place of business at 2230 Broadway, Santa Monica, California.

## III. JURISDICTION AND VENUE

7.   The Court has jurisdiction over this matter and over the parties pursuant to M.G.L. c. 93A, § 11 and M.G.L. c. 93, §12. Venue is proper pursuant to the same provisions.

## IV. FACTS

8.   NEBG, LLC, is a national organization whose members are independent video retailers. One of the purposes of NEBG, LLC, is to help the organization's members compete more effectively.

9.   Nolan Anaya and Todd Zaganiacz are independent video retailers and founding members of NEBG, LLC.  They own and operate Captain Video and Video Zone respectively.

10.   The first-sale doctrine allows independent video retailers to conduct their business. The Copyright Act provides that: "Notwithstanding the provisions of section 106 (3), the owner of a particular copy or phonorecord lawfully made under this title, or any person

2

authorized by such owner, is entitled to sell or otherwise dispose of the possession of that

copy or phonorecord." 17 U.S.C. § 109 (a).

11.     On or about July 25, 2006, the Weinstein Company Holdings, LLC, filed with the

Securities and Exchange Commission an Amended Schedule 13D Statement, which states

that:

> "The Weinstein Company Holdings LLC, a Delaware limited liability
> company ('TWC Holdings'), Harvey Weinstein, a citizen of the United States, and
> Robert Weinstein, a citizen of the United States, hereafter collectively referred to as
> the 'Reporting Persons' and each individually referred to as a 'Reporting Person'...
> The Common Stock reported herein is subject to Voting Agreements between The
> Weinstein Company LLC ('TWC')... TWC is a wholly owned subsidiary of The
> Weinstein Company Funding LLC, which is a wholly owned subsidiary of TWC
> Holdings. TWC Holdings is a holding company that conducts substantially all of its
> business relating to the motion picture industry through operating subsidiaries.
> Harvey Weinstein and Robert Weinstein are siblings and are the controlling persons
> of TWC Holdings by virtue of each being a fifty percent owner of the class of TWC
> Holdings limited liability company interests that has management authority over
> TWC Holdings. The principal business of TWC is to act as a multi-media company
> that produces, develops and acquires theatrical pictures for release and acquires rights
> to other films for distribution on DVD, television, and the Internet. The principal
> occupation of each of Harvey Weinstein and Robert Weinstein is to act as Co-
> Chairmen of TWC Holdings. The address of TWC Holdings' principal executive
> offices and the business address of each of Harvey Weinstein and Robert Weinstein is
> 375 Greenwich Street, 3rd Floor, New York, NY 10013."

12.     On or about November 20, 2006, Genius Products, In., filed with the Securities and

Exchange Commission a quarterly report under Section 13 or 15 (d) of the Securities and

Exchange Act of 1934 for the quarterly period ended September 30, 2006, which states that:

> "Genius Products, Inc.,... along with The Weinstein Company Holdings LLC
> and its first-tier subsidiary, W-G Holding Corp., own Genius Products, LLC, a
> leading independent home-entertainment distribution company that produces,
> licenses, and distributes a valuable library of motion pictures, television
> programming, family, lifestyle and trend entertainment on DVD and other emerging
> platforms through its expansive network of retailers throughout the U.S. Genius
> handles the distribution, marketing and sales for such brands as Asia Extreme (TM),
> Baby Genius®, Discovery Communications, Inc., Dragon Dynasty™, Dimension
> Films, ESPN®, IFC®, Imaginasian, NBC News®, Sundance Channel Home
> Entertainment®, Wellspring™, The Weinstein Company® and World Wrestling
> Entertainment, Inc. ®, Genius Products, Inc. is the managing member of Genius
> Products, LLC, in which it holds a 30% equity interest... **On July 21, 2006, we
> completed a transaction... with The Weinstein Company LLC... and its
> affiliates pursuant to which we launched a venture named Genius Products,
> LLC... to exploit the exclusive U.S. home video distribution rights to feature film**

3

**and direct-to-video releases owned or controlled by TWC...** For the 21-day period ending July 21, 2006, the following customers accounted for more than 10% of net revenue: Video Product Distributors, Inc. at 17%, Best Buy at 15%, Ingram Entertainment at 13%, Wal-Mart at 13%, and Target at 11%. At the Closing we there transferred all of our accounts receivable assets to [Genius Products, LLC] and there were no accounts receivables balances at September 30, 2006 for Genius Products, Inc... For the three month period ended September 30, 2005, Wal-Mart and Anderson Merchandisers accounted for 39% and 13% of net revenues, respectively... For the 202 day period January 1, 2006 to July 21, 2006, Wal-Mart accounted for 39% of net revenues" (emphasis added).

13.     On or about December 5, 2005, Genius Products, Inc., Genius Products LLC, The

Weinstein Company, LLC, and The Weinstein Company Holdings, LLC, entered into a

Master Contribution Agreement. On or about July 21, 2006, the parties entered into a

Services Agreement.

14.     On or about November 15, 2006, Genius Products, Inc., issued a press release stating

that:

> "Genius Products, LLC, announced today that it will act as the exclusive
> distributor to The Weinsten Company (TWC) in executing and servicing TWC's
> historic strategic alliance with Blockbuster... TWC, the multi-media enterprise
> launched by Bob and Harvey Weinstein, and Blockbuster, Inc... have entered into a
> four-year exclusive alliance, which provides Blockbuster exclusive rights to TWC's
> theatrical and direct-to-video movies, beginning January 1, 2007... Blockbuster, Inc.,
> is a leading global provider of in-home movie and game entertainment, with
> approximately 8,500 stores throughout the Americas, Europe, Asia and Australia."

15.     There are approximately 68 company-owned Blockbuster stores and approximately

60 Blockbuster affiliates in Massachusetts.

16.     On or about November 22, 2006, Trevor Drinkwater, president and chief operating

officer of Genius Products, Inc., stated in the course of an interview with the magazine *Video*

*Business* that:

> "With the First Sale Doctrine, there's nothing we can do to prohibit someone
> from walking into Costco and buying the DVD and renting it. That's clear under the
> law. What we can do as a distributor is brand all the Blockbuster DVDs with the
> Blockbuster logo, and all the DVDs that are out for sale will be clear to consumers as
> being for sale only. **We'll encourage people to call us if they did rent [a DVD that
> is labeled for sale].** That's to help control it. But we have a clear understanding of
> First Sale, and we aren't going to do anything that goes around it at all" (emphasis
> added).

4

17.    In an interview with Home Media Retailing on or about the same date, Mr.

Drinkwater stated:

> "Without getting into a legal discussion, copyright laws don't prohibit The
> Weinstein Co. from deciding how to best distribute and promote its products, and the
> Weinstein Co. has determined that having an alliance with Blockbuster as its
> exclusive retailer will best promote and enhance the value of its products to
> customers. Because our agreement with Weinstein requires us to honor the
> company's commitments to Blockbuster, we are implementing our new distribution
> policy to do so. The Weinstein Co. discs at Blockbuster will carry the Blockbuster
> logo. **In addition, sellthrough product will carry a message telling consumers
> that the disc is intended for purchase only, and if they have rented it, they will be
> encouraged to call a toll-free number. In addition to prevalent consumer
> messaging, we also are considering utilizing visual and digital technologies to
> mark and track products throughout the supply chain**" (emphasis added).

18.    Urging consumers to call a toll-free number if they rent a DVD from the Plaintiffs

implies that the Plaintiffs are engaged in wrongdoing of some kind. The suggestion that the

Plaintiffs would be engaged in wrongdoing is an advertisement that is false, deceptive and

misleading. The Defendants are failing to exercise reasonable care or competence in

obtaining and communicating that suggestion.

19.    Consumers would be justified in relying on the information, and their reliance would

cause the Plaintiffs a pecuniary loss.

20.    The Plaintiffs have business relationships for economic benefit with third parties,

namely DVD-renting consumers across the United States. The Defendants know of these

relationships, are poised to interfere with the relationships through improper motive or

means. As a direct result, the Plaintiffs will suffer a loss of advantage.

## V. COUNTS
### COUNT 1: Unfair Competition (M.G.L. c. 93, § 11)

21.    The Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 20

herein as if more fully set forth below.

5

22.     The Defendants' aforesaid activities constitute an unfair method of competition or unfair or deceptive acts and practices within the meaning of M.G.L. c. 93, § 11.  Unless the Court enjoins the Defendants, the Plaintiffs will suffer loss of money and irreparable harm.

23.     The Plaintiffs have no adequate remedy at law.

### COUNT 2: Unfair or Deceptive Acts and Practices (M.G.L. c. 93A, § 2)

24.     The Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 20 herein as if more fully set forth below.

25.     The Defendants' aforesaid activities constitute unfair or deceptive acts and practices within the meaning of M.G.L. c. 93A, § 2, and threaten to cause the Plaintiffs irreparable harm.

26.     The Plaintiffs have no adequate remedy at law.

### COUNT 3: Untrue and Misleading Advertisements (M.G.L. c. 266, § 91)

27.     The Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 20 herein as if more fully set forth below.

28.     The Defendants' aforesaid activities constitute untrue and misleading advertisements within the meaning of M.G.L. c. 266, § 91, and threaten to cause the Plaintiffs irreparable harm.

29.     The Plaintiffs have no adequate remedy at law.

### COUNT 4: Negligent Misrepresentation

30.     The Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 20 herein as if more fully set forth below.

31.     The Defendants' aforesaid activities constitute negligent misrepresentation, and threaten to cause the Plaintiffs irreparable harm.

32.     The Plaintiffs have no adequate remedy at law.

**COUNT 5: Tortious Interference with Advantageous Business Relations**

33.     The Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 20

herein as if more fully set forth below.

34.     The Defendants' aforesaid activities constitute the tortious interference with

advantageous business relations, and threaten to cause the Plaintiffs irreparable harm.

35.     The Plaintiffs have no adequate remedy at law.

## VI. PRAYER FOR RELIEF

WHEREFORE the Plaintiffs respectfully request that this Honorable Court:

1.     Issue an order enjoining the Defendants from:

    (a)     Causing any notice, assertion, or representation of any kind to appear on any

        products, including but not limited to DVDs, that would imply or tend to

        imply that retailers other than Blockbuster who rent the Defendants' DVDs to

        the public are engaged in wrongdoing; and

    (b)     Distributing any products, including but not limited to DVDS, that would

        imply or tend to imply that retailers other than Blockbuster who rent the

        Defendants' DVDs to the public are engaged in wrongdoing

2.     Enter judgment in favor of the Plaintiffs;

3.     Award the Plaintiffs their attorney's fees and treble damages pursuant to M.G.L. c.

93A, § 11; and

4.     Order such further relief as the Court deems just and appropriate.

7

Respectfully Submitted:

Peter Vickery, Esq.
BBO # 641574
P.O. Box 300
Amherst, MA 01004-0300
Tel. (413) 549 9933
Fax (413) 256 1207

Date:  12/14/06

## VERIFICATION

Nolan Anaya declares as follows:

I am an officer of NEBG, LLC, a Plaintiff herein. I have read the foregoing Verified Complaint and know the contents thereof and the same are true of my own knowledge except as to such matters therein stated to be on information and belief, and as to these matters, I believe them to be true.

Pursuant to the provisions of 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___11___ day of December, 2006.

By: _____

8

## CERTIFICATE OF SERVICE

I, Peter Vickery, Esq., attorney for the Plaintiffs, hereby certify that I served a copy of the foregoing document by first-class mail this day upon:

Harvey Weinstein, Chair
The Weinstein Company Holdings, LLC,
375 Greenwich Street, 3rd Floor,
New York, NY 10013

Trevor Drinkwater, President and CEO
Genius Products, Inc.,
2230 Broadway,
Santa Monica, CA 90404

Stephen K. Bannon, Chair
Genius Products, LLC
2230 Broadway,
Santa Monica, CA 90404

Peter Vickery, Esq.

Date: 12/11/06

9